### ROBERT FARRELL *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—676, 683.]

**Proof of Malice in Murder.**

The law does not imply malice from some one act, but a jury may legally find its existence from such act because the act may evidence a purpose to do a wrong, which is the essence of malice. No legal presumption of its existence arises from the fact, but it is submitted to the jury upon the question whether malice did or did not prompt one charged with crime.

**Refusing Instruction Tendered by a Defendant.**

It is not error for the court to refuse to give an instruction, though a proper one, when the court gives the substance thereof in an instruction of its own.

### APPEAL FROM NICHOLAS CIRCUIT COURT.

March 11, 1886.

OPINION BY JUDGE HOLT:

Various grounds are presented by the appellant, Robt. Farrell, for a reversal of his conviction to the penitentiary for life for the killing of Thomas R. Calvert in July, 1884. The indictment reads: "The grand jury of Mason county by the name of and by the authority of the commonwealth of Kentucky accuse Robert Farrell of the crime of murder committed as follows: The said Robt. Farrell on the 24th day of July, 1884, and before the finding of this indictment in the county aforesaid did wilfully and feloniously and with malice and aforethought kill," etc.

It shows that the accusation was made and the indictment presented by the grand jury of Mason county; and the words "in the county aforesaid" evidently relate to the place of commission of the alleged crime and not to that of the finding of the above indictment. This is the fair meaning to the common understanding. If they refer to the finding of the indictment, then they were useless because the language in the first line of the indictment shows that it was found by the grand jury of Mason county. The appellant objected to a trial before the regular judge of the circuit. It was found impossible to obtain one by election; and these facts having been properly certified to the governor he, in compliance with Gen. Stat., 1883, art. 4, ch. 12, § 10, commissioned the judge of another circuit. It is urged that this statute is unconstitutional; that a residence in the district in which he acts is a constitutional requirement as to a circuit judge, and that he can not be judge in two districts. The Constitution, art. 4, § 22, provides: "No person shall be eligible as judge of the circuit court who is not a citizen of the United States, a resident of the district for which he may be a candidate two years next preceding his election," etc.

The use of the word "candidate" shows that this provision relates to the regular judge. In this instance the judge was eelcted for special service upon a particular occasion, and § 28 of the article above referred to says: "The general assembly shall provide by law for holding circuit courts, where from any cause the judge shall fail to attend, or in attendance can not properly preside." This precise question was, however, presented to this court in the case of *Kennedy v. Commonwealth,* 78 Ky. 447, and the law now again questioned was then held, and properly, as we think, to be valid.

It is contended, however, by the distinguished counsel for the appellant, with commendable zeal, that the lower court by giving the instructions that were submitted to the jury and refusing those offered by the appellant repudiated the legal presumption of innocence and also the rule that malice, like any other fact, must be shown. If this be true then a reversal must follow, because both the personal liberty and the security of the public depend largely upon them. Especially is the first necessary to this end, and so much that no court acting from a sense of duty can tolerate for a moment the slightest disregard of it.

It is even urged that no instruction whatever should have been given authorizing the jury to convict of murder, because, as is claimed, there is no evidence whatever showing malice upon the part of the accused toward the deceased. It is unnecessary to review the testimony or detail the circumstances leading to and attendant upon the killing. Their recitation would only serve to dramatize a sad story of blighted happiness ending in death in what seems to have been once a happy home. Malice exists in the mind and can not be shown by direct evidence; and it is sufficient to say that in our opinion such a state of case was shown by the testimony as clearly authorized the lower court to submit the question to the jury whether the appellant was guilty of murder.

The instructions given by the court were based upon the presumption of the appellant's innocence, because they required the jury to find the facts constituting guilt beyond doubt. To convict him of murder or manslaughter they were required to find from the evidence that "the killing was not necessary or apparently necessary in his own self-defense." It is said that the words "apparently necessary" might have been construed by the jury to mean that they and not the appellant were to judge whether any apparent necessity to take the life existed. This to our mind is a scholastic criticism as to the form of expression which even if correct in interpretation could not have prejudiced the appellant, because the jury were distinctly told by a subsequent instruction: "If at the time defendant shot and killed Thomas R. Calvert (if he did shoot and kill him) the defendant believed and had reasonable grounds to believe that deceased was then and there about to kill him, defendant, or to do him some great bodily harm, then the defendant had the right to use such means as were necessary or such means as reasonably appeared to him to be necessary, to prevent such killing or the infliction of great bodily harm."

Malice is a fact to be found by the jury. Its existence may appear to their satisfaction from any circumstance. The law does not imply it from some act; but a jury may find its existence from the act, because it may evidence a purpose to do a wrong, which is the essence of malice. No legal presumption of its existence arises from the fact, but it is submitted to the jury upon the question whether malice did or did not prompt one charged with crime. They must judge of the meaning of the act. It is therefore im-

proper to instruct them either that they can or can not presume guilt from some particular act of a defendant; and the lower court therefore did not err in refusing to give the second instruction offered by the appellant, because by it the jury would have been told that they could not presume guilt from the mere act of killing.

The instruction given by the court upon "reasonable doubt" uses almost the identical words of the Crim. Code 1876, § 237, and embraced in language easily understood by the jury all that is necessary for the protection of individual right. It is true that the jury were told that if certain facts were shown by the evidence then they "should acquit"; and the appellant contends that this language did not command the jury to acquit him, and that the word "will" should have been used. The latter would have been the apt word; but yet the appellant could not well have been prejudiced by the word "should," because the jury must have understood from it that it was their duty and that they were required to acquit upon the supposed state of facts. The word "should" is the imperfect of "shall," of which Webster says: "As an auxiliary shall indicate a duty or necessity whose obligation is derived from the person speaking, as, you shall go, that is, I order or promise your going. It thus ordinarily expresses in the second and third persons, a command, a threat or a promise." As used by the court it could not well have been understood by the jury other than as a command to acquit if they found the hypothetical state of case set forth in the instructions to exist.

The substance of the instructions asked by the appellant so far as applicable to the case was contained in those given by the court; which in a concise and easily understood form embraced the whole law of the case.

Judgment *affirmed.*

*E. C. Phister, Whitaker & Robertson, W. H. Wadsworth, Jr., Thomas R. Phister, Thomas Kennedy, for appellant.*

*Thos. F. Hargis, P. W. Hardin, Wall & Worthington, for appellee.*

[Cited, *Commonwealth v. Carnes,* 124 Ky. 340, 98 S. W. 1045.]