[No. 1,872.]

# D. W. HERRINGTON v. SANTA CLARA COUNTY.

DUTY OF DISTRICT ATTORNEYS.—It is not the duty of the District Attorney to prosecute or defend civil actions in which the county is interested, which are pending in any other county than his own.

BOARD OF SUPERVISORS MAY EMPLOY ATTORNEYS.—The Board of Supervisors of a county have a right to decline the services of a District Attorney when tendered in a civil action in which the county is interested, pending in another county, and have a right to employ other counsel.

COMMISSIONS OF DISTRICT ATTORNEYS.—The statute does not allow the District Attorney commissions on sums paid into the County Treasury by the debtor, on a compromise made by the Board of Supervisors in good faith, pending an action brought by the county to collect an amount claimed due.

DISTRICT ATTORNEYS' COMMISSIONS WHERE CASE IS SETTLED.—If the District Attorney is entitled to commissions when he brings a civil action to recover money due the county, and a compromise is effected by the Board of Supervisors attributable solely to the litigation, and the money is paid

into the County Treasury for the purpose of depriving him of his commissions, such averments must be made in the complaint, in an action brought to recover these commissions, as will show such facts to have existed.

IDEM.—In such case an averment in the complaint, that a certain sum was collected by means of said action, which amount was paid into the County Treasury in pursuance of a compromise made by the Board of Supervisors while the action was pending, is not sufficient.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

The complaint contained the following averments:

"That heretofore, to wit: on the 5th day of March, A. D. 1866, and from then until the 6th day of March, A. D. 1868, he was the legally elected, qualified, and acting District Attorney of said Santa Clara County, State of California, in the continuous discharge of the duties and functions of said office;

"That on or about the 5th day of August, A. D. 1867, and while this plaintiff was such District Attorney as aforesaid, and while he was so in the discharge of the duties and functions of said office, a certain action was instituted in the District Court of the Fourth Judicial District of the State of California, in and for the City and County of San Francisco, by direction of the Board of Supervisors of said Santa Clara County, in which said action said Santa Clara County was plaintiff and Peter Donahue, C. B. Polhemus, and H. M. Newhall were defendants;

"That said action was so instituted by George Barstow and Tompkins, by direction of said Board of Supervisors, on the 5th day of August, A. D. 1867, to recover certain large sums of money, to wit: about two hundred thousand dollars, then due, owing, and payable by said Donahue, Polhemus, and Newhall to said Santa Clara County;

"That said action was so instituted without the knowledge of this plaintiff, and on behalf of said Santa Clara County, and in the name thereof;

" That plaintiff herein was ever ready and willing, at all times during the period of his incumbency of said office of District Attorney, to perform and discharge all the duties incident or appertaining to said office, and before and at the time of the commencement of said action, plaintiff, in writing, informed and otherwise advised said Board of Supervisors that, as such District Attorney, he was ready, willing, and desirous of commencing and prosecuting said action, and any and all actions and proceedings whatsoever, requisite and necessary for the recovery of said moneys and indebtedness due, owing, and payable as aforesaid by said Donahue, Polhemus, and Newhall to said county, on its behalf;

" But said Board of Supervisors disregarded the offer of this plaintiff, as such District Attorney, to institute and prosecute said action, and procured the same to be commenced in the name of said county, in said Fourth Judicial District Court, without the knowledge of this plaintiff, as aforesaid, and by counsel, as aforesaid, other than this plaintiff, as the District Attorney of said county, and not of plaintiff's selection or choice;

" That soon after the commencement of said action, and as soon as plaintiff became aware of such commencement thereof, on, to wit: the 24th day of August, A. D. 1867, plaintiff herein filed his written motion as such District Attorney in said action, and in said Fourth Judicial District Court, he, this plaintiff, having first given written notice of the time and place of the hearing of said motion, according to law, to said Barstow and Tompkins, wherein and whereby plaintiff, as such District Attorney, moved said Court that he be substituted, as such District Attorney, as one of the attorneys of record for said county in said action;

" That at the time of the making of said motion, plaintiff herein did, as required by the rules of said Fourth District Court, show to said Court his affidavit then filed, and by

other competent written evidence, all of the facts, matters, and things hereinbefore stated and set forth;

"That said Fourth Judicial District Court was, on the day last aforesaid, in session, and entertained said motion, and heard and considered the same, and being fully advised, allowed and granted the same, and directed that this plaintiff, as such District Attorney of said Santa Clara County, be entered of record in said Court and in said action as one of the attorneys of record therein, according to the prayer in said motion contained;

"That afterwards, and on the same day and year, said Court, upon the motion of one —— Tompkins, Esq., caused an order to be entered of record in the minutes of said Court, vacating said order theretofore made granting said motion of this plaintiff to appear and be entered of record in said action, and thereafter refused to permit or allow this plaintiff to appear or act on behalf of said county in said action, as such District Attorney, for said county or otherwise;

"That afterwards, and on the —— day ——, A. D. 1867, plaintiff herein, as such District Attorney of said Santa Clara County, filed his written petition, verified, in the Supreme Court of the State of California, in which said petition all of the facts, matters, and things hereinbefore stated were at large set forth, and wherein and whereby plaintiff prayed said Supreme Court that a peremptory writ of mandamus issue to compel the Hon. E. D. Sawyer, who was, at the time of the commencement of said action in said Fourth Judicial District Court, ever since has been, and yet is the legally acting District Judge thereof, as such Judge of said District Court, to discharge and perform his official duty, and to permit this plaintiff to appear and act on behalf of said Santa Clara County, as the District Attorney thereof, in said action;

"That said Sawyer, as such Judge of said Fourth Judicial District Court, was duly notified, as required by the rules of said Supreme Court, of the time and place of the hearing of

said petition, and required to answer in said Court in obedience to said notice;

"That afterwards, and on the 24th of December, A. D. 1867, and while said proceedings against said the Hon. E. D. Sawyer were pending in said Supreme Court, there was collected by means of said action, in said Fourth Judicial District Court, upon said indebtedness of said Donahue, Polhemus, and Newhall, to said County of Santa Clara, the sum of one hundred and twenty-eight thousand dollars, which said amount was forthwith paid into the County Treasury thereof, and became and now yet remains a part of the funds and property of said Santa Clara County;

"That said moneys were so collected and paid into said County Treasury in pursuance of a certain agreement and compromise of said action made by said Board of Supervisors on behalf of said Santa Clara County, with one Chas. Mayne, Peter Donahue, and H. M. Newhall, on behalf of said defendants in said action, and in payment of said indebtedness of said Peter Donahue, C. B. Polhemus, and H. M. Newhall to said County of Santa Clara, and in discharge of the liabilities of said defendants in said action.

"Plaintiff further avers that by reason of the collecting of said sum of one hundred and twenty-eight thousand dollars, as aforesaid, by said action, there accrued to this plaintiff the right to have and recover of and from said Santa Clara County ten per cent upon said sum and moneys so collected and paid into said County Treasury of said county, to wit, the sum of twelve thousand eight hundred dollars."

The defendant demurred to the complaint because it did not state facts sufficient to constitute a cause of action. The Court below sustained the demurrer, and the plaintiff declining to amend, final judgment was rendered against him. The plaintiff appealed.

*D. W. Herrington, in pro per.*, for Appellant.

The complaint was sufficient upon its face.   It averred the presentation of the claim to, and its rejection by, the Board of Supervisors of Santa Clara County; was filed and summons thereon issued within the statutory time after presentation and rejection, as appears by the transcript.

It also avers the readiness and willingness of the District Attorney to perform his duty in the suit, by means whereof the county's claim was collected, and further alleges, that the one hundred and twenty-eight thousand dollars, upon which the percentage is claimed by plaintiff, was collected by him as District Attorney by means of that action.

There is nothing inconsistent in this last allegation with the other allegations of the complaint, and certainly nothing from which it can truly be said that the District Attorney did not collect the amount as averred.   The worst that can be said is, that it appears from those averments that the name of the District Attorney was excluded from appearing in the list of attorneys for the county, and that he was not permitted himself to apply his labor—mental and physical—to the particular suit and proceeding by means of which the county's claim was collected.   There is nothing, therefore, in those allegations which, upon reflection, cannot be if necessary, reconciled with the averment that the plaintiff, as District Attorney in that action, did collect the moneys involved therein.   But every fact which could have been proved under the averment of the complaint is admitted by the demurrer.

We maintain that the office of the corporation attorney was usurped for the time being, in that particular case, by the action of the Board with the aid of their special counsel, and of the Court in which the action was pending.   That the county reaped the profits of the usurpation, and that it is a duty devolved on the county to surrender to the plaintiff

the per cent to which by law he is entitled and now remaining in her treasury.

The District Attorney is made by law the exclusive law officer of his county. He is a constitutional officer. The same organic act which makes him such, imposes the official duty upon the Legislature of providing by law for his election, duties, and compensation, and classes him in the category of necessary officers. The Legislature, in obedience to that constitutional mandate, has provided for his election, duties, and compensation. (Hittell, Art. 2396, *et seq.*) He is there required to prosecute all actions, etc.; to receive and account for all moneys, and report; and is made liable on his official bond therefor. It is in like manner made his duty to defend all actions or proceedings brought against his county until final judgment or compromise; and in the case of *The People* v. *Dorsey*, 32 Cal. 296, it is held that he is entitled to discharge the duties of that office, though not an attorney at law. Thus he becomes the retained attorney for his county. His election and qualification are his employment, and his fidelity is secured by his oath and bond. It is made the duty of the other officers of the county to immediately deliver to him all process and papers that may have been served on them. (Hittell, Art. 1211.) This leaves no discretion to the officer upon whom service is made, and it is extremely doubtful if sufficient time could elapse between the service of such process and the time for appearance and answer, to enable the Board to legally meet and act—either authorizing the District Attorney to defend, or employing counsel to supersede him and represent the county in such defense.

No other attorney has the right to represent the county in her suits without the consent of the District Attorney. (*Mayor, etc., of New York* v. *Exchange Fire Insurance Co.*, 9 Abbott Pr. 243, note.) Counties are quasi corporations. *Price* v. *Sacramento Co.*, 6 Cal. 254; *Smith* v. *Myers*, 15 id.

33.)   A county is not properly in Court without its proper law officer, where it has one.

*Francis E. Spencer,* also for Appellant.

It may be claimed that the twelfth clause of section nine of the Supervisor Act gives the Board of Supervisors the power to employ attorneys, to the exclusion of the District Attorney.   That clause provides that the Board shall "have power and jurisdiction to control the prosecution and defense of all suits to which the county is a party."   But we apprehend it will not be contended that the Board are thereby constituted attorneys for the county, or that they can personally go into Court and conduct the trial of the case.   They are to control suits through their law officer, and by controlling him in the discharge of his duty, and not by excluding him from its performance.

Each officer of the county has his special duty to perform. The District Attorney cannot audit accounts against the county, nor can the Board of Supervisors in proper person act as attorneys for the county; and certainly, what cannot be done by one's self, cannot be done by an agent.   Passing the question as to whether the Board of Supervisors may, by virtue of the authority given them by the twelfth clause of that Act, employ assistant counsel to aid the District Attorney in any particular case, how can he be wholly deposed without jeopardizing the safety of the moneys belonging to the county, that may be the fruits of the particular litigation?   It would be, in effect, to fritter away the safeguards the Legislature has thrown around the public funds, by substituting, it may be, irresponsible persons, who would have the right to receive them in place of those whom the law requires shall give security for the proper accounting for such funds, as a condition precedent to being so employed. The twelfth clause above referred to can give no greater power to the Supervisors in controlling the prosecution of

suits to which the county is a party, than is possessed by an individual over an action to which he is a party. Yet it would be absurd to say that, having once employed an attorney, who has entered upon the discharge of his duty and placed himself of record in the case, and while he so remains such attorney, the client could appear in Court and assume the actual management of the case and depose the attorney without complying with the statute in that particular. (*Commissioners* v. *Younger*, 29 Cal. 147.)

*D. M. Delmas,* for Respondent.

The statute is, that the District Attorney shall receive ten per cent for all amounts collected by him by action.

Service performed by him is a condition precedent to his title to the ten per cent. It is the very basis of his right. When he urges his claim to that compensation, the very first question to be asked him is, were the services performed by you? If he answers no, his claim has no foundation and falls to the ground. It is of no avail to set forth excuses or detail at length the impediments which prevented him from performing the labor. As long as it is confessed that he did not perform it, his title to the compensation cannot exist. Performance must precede compensation as parent precedes child.

The plaintiff complains that the Board of Supervisors prevented him from acting, and that other counsel usurped his place. This prohibition of the Board and intrusion of strangers were illegal, he says, because he alone is entitled to bring suits in the name of the county. Grant all this. What follows? Simply, that certain wrongdoers and intermeddlers have, without authority of law, impeded the District Attorney in the discharge of his duty. They have done him a grievous wrong. They have prevented him from performing the labor from which he was to reap a reward. They

have placed themselves between him and the means of earning his compensation.

We have hitherto followed the assumption that the action of the Supervisors in discarding the District Attorney in an action where the county is a party, is unauthorized. This is plaintiff's theory, and we have endeavored to show that even upon that ground he has no cause of action. But we think that theory finds no support in the law.

Plaintiff argues that the Board could not discard him, because the statute is, that "he shall prosecute all actions for the recovery of debts accruing to his county."

Suppose he is himself the debtor, and the action is to be instituted against himself. Is he still entitled to prosecute the action? Shall he appear in the same suit as plaintiff's attorney and defendant *in propia persona?*

The same statute says that "it shall be his duty" to defend all actions brought against his county. Suppose he is himself the plaintiff, will he still be entitled to defend the action? To adduce a pertinent illustration: Suppose the plaintiff had instituted the present suit while District Attorney, could it be claimed that the statute would have authorized him to appear in it in his official capacity, as attorney for the defendant, the County of Santa Clara; and as such to have it in his power to confess judgment in favor of himself, the plaintiff?

Section ten of the Act provides that action for moneys not accounted for may be brought by the Country Treasurer, in the name of the county, against the District Attorney. Will it be contended that the District Attorney is entitled to appear for the county in that action?

By the Court, CROCKETT, J.:

In this case we are of opinion: First—That under the statute regulating the office of District Attorney and prescribing the duties of that officer, it is not a duty enjoined upon him by law to prosecute or defend civil actions in which the county is interested which are pending in any other county than his own. The plaintiff could not have been required to go to San Diego, Plumas, or any other place beyond the limits of his own county, for the prosecution or defense of an action brought by or against Santa Clara County. It was not, therefore, a part of his official duty to prosecute the action in the Fourth District Court against Donahue and others; and as he was under no legal obligation to perform this service, the Board of Supervisors had the correlative right to decline his services when tendered, and to employ other counsel.

Second—If it be conceded, however, that it was the duty of the plaintiff, and consequently that he had the right to prosecute that action, his complaint, nevertheless, fails to show that he is entitled to the commissions which he claims. Section fifteen of the Act of 1851, regulating the office of District Attorney (Stats. 1851, p. 189), provides that he "shall be entitled to receive, for all amounts collected by him for the State or county by action, ten per cent" of the amount collected. The complaint not only fails to show that the amount received of Donahue and others was collected "by action," but it shows affirmatively that the payment was the result of a compromise pending the action, and that the cause was voluntarily dismissed before judgment; and it further appears from the complaint that the money was not collected by the plaintiff. The most that can be affirmed in support of this claim is that he was ready and willing to prosecute the suit, and would have recovered the money if the action had not been terminated by a compromise. But

the power of the Board to compromise the claim is unquestionable, and the condition precedent, on the performance of which the plaintiff's right to commissions depended, has not been performed. The statute does not award to the District Attorney commissions on sums paid into the County Treasury directly by the debtor on a compromise made by the Board of Supervisors in good faith, pending the action. It may be that if the compromise was attributable solely to the pending litigation, and the money was paid directly into the treasury for the purpose and with the intent to deprive the District Attorney of his commissions, he would, nevertheless, be entitled to them. In such a case he might possibly be held to have substantially collected the money by action, though it did not actually pass through his hands. The only averment in the complaint on this point is that "there was collected by means of said action   *   *   *   the sum of one hundred and twenty-eight thousand dollars, which said amount was forthwith paid into the County Treasury;" and it then proceeds to aver that the money was collected and paid into the treasury "in pursuance of a certain agreement and compromise of said action made by said Board of Supervisors on behalf of said Santa Clara County with one Charles Mayne, Peter Donahue, and H. M. Newhall on behalf of said defendants in said action, and in payment of said indebtedness of said Peter Donahue, C. B. Polhemus, and H. M. Newhall to said County of Santa Clara, and in discharge of the liabilities of said defendants in said action." There is no averment that the compromise was the result of, or in any manner affected by the pending action, unless the allegation, that "there was collected by means of said action   *   *   *   the sum of one hundred and twenty-eight thousand dollars," be tantamount to such an averment. But it cannot be so considered. It is not very clear what the pleader intended by the averment that a sum of money was collected by means of a pending action never brought to trial, and which

was voluntarily dismissed by the plaintiff therein. But whatever else it may mean, it cannot be held, without straining the language, to include an averment that the collection was wholly the result of a compromise, induced solely by the pendency of the action. Pleadings are to be construed most strongly against the pleader; and if it was intended to be averred that the compromise was due exclusively to the pendency of the action, it should have been so stated in intelligible language, that an issue might have been framed upon the allegation.

The demurrer to the complaint was properly sustained.

Judgment affirmed.

Mr. Chief Justice Wallace, being disqualified, did not sit in this case.

Mr. Justice Rhodes did not express an opinion.