CASE 4—MANDAMUS—MARCH 10.

# Stone, Auditor, v. Craft.

APPEAL FROM FRANKLIN CIRCUIT COURT.

AMOUNT IN CONTROVERSY LESS THAN $200—RIGHT OF APPEAL FROM JUDGMENT OF MANDAMUS.

CLIFTON J. PRATT, ATTORNEY-GENERAL, AND M. H. THATCHER FOR APPELLANT.

1. It has always been held by this court, that an appeal will lie from the judgment of the circuit court, awarding a mandamus regardless of the amount in controversy. See Barbour's Digest, division 111, "Mandamus," County of Warren v. Daniel, 2 Bibb, 573; also Justice of Spencer County v. Harcourt, 4 B. Mon., 499.

2. The language of the statute regulating appeals to this court, after enumerating judgments for the recovery of personal property or money, of the value or amount of $200 and the like, is as follows: "In all other civil cases the court of appeals shall have appellate jurisdiction over the final orders and judgments of all courts."

An order or judgment awarding a mandamus is certainly a final order in such other cases contemplated by the statute.

C. P. CHENAULT FOR APPELLEE.

1. The last Legislature enacted that the jurisdiction of the court of appeals should not be exercised in cases where the amount in controversy was under $200.

2. The amount in controversy in this case is $173.15.

Williams v. Nall, &c.

Held: A judgment for a mandamus not being a judgment for the recovery of money or personal property, an appeal lies therefrom, regardless of the amount in controversy.

OPINION OF THE COURT BY JUDGE DuRELLE—REVERSING.

This case is exactly similar to the case of Stone v. Mayo (this day decided, the opinion in which is here referred to), 55 S. W., 700, except that the question is raised of the jurisdiction of this court on the appeal, the amount involved being less than $200. But a judgment for mandamus is not a judgment for the recovery of money or personal property, and this court, therefore, under the statute, has jurisdiction, the case not being within the exceptions of the statute. See Warren Co. Court v. Daniel, 2 Bibb, 573. The judgment is accordingly reversed for further proceedings consistent with the opinion in that case.