CASE 72—ACTION BY L. J. MOORE AGAINST BOARD OF EDUCATION CITY OF LEXINGTON, &C. TO ENJOIN THE PAYMENT OF AN INCREASE SALARY TO CITY TREASURER.—JAN. 30.

# Board of Education City of Lexington, &c. v. Moore.

### APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. AFFIRMED.

MUNICIPAL CORPORATIONS—SALARY CITY TREASURER—CHANGE DURING TERM—CONSTITUTIONAL LAW.

Held: 1. Const. section 161, declares that the compensation of any city officer shall not be changed after his election, or during his term of office. Kentucky Statutes, section 3212, provides for the maintenance of a board of education in a city which, by section 3214, has control of the school funds. Section 3225 makes the treasurer of the city treasurer of such board. Section 3064 declares that the general council of the city shall fix the salary of each officer, and that no such salary shall be changed after his election, or during his term of office. During the term of the city treasurer the board of education allowed him a certain salary as treasurer of such board. HELD, that the allowance was unlawful, and the fact that additional services had been imposed on the officer during his term did not authorize an increase of his salary during said term.

MORTON & DARNALL, ATTORNEYS FOR APPELLANT.

Our contention is that section 161 of the Constitution refers to a change made in the salary or compensation for services of an officer by the political body or authority charged with the duties of fixing such salary. The city did fix the compensation of the city treasurer for the services to be rendered to the city, but did not fix the compensation to be rendered by him for the Board of Education. He acted in a dual capacity, and each of the corporations deals with him in many respects as if the services performed by him were rendered by different persons. While the statute does not in express terms confer upon the Board of Education the power to provide a salary to the city treasurer for services he is required to render the board, it is apparent that it contains no limitation upon its power to

make such provision, and we contend that the power given the board to require services to be rendered by the treasurer, carries with it an obligation to provide compensation for such services.

J. SOULE SMITH, A. M. BAKER and L. J. MOORE, for appellee.

Our contention is:

1. That the act of the school board in giving the city treasurer, Kaufman, the salary charged in the petition is not within the powers delegated to the board under the law creating it a corporation.

2. If the act is not a violation of its charter, then it is a violation of the Constitution of the State.

In the absence of express authority, the board of education can not legally pay out any money as compensation to a treasurer.

We claim that the law creating the said board does not give it the power to pay the city treasurer any salary in addition to that provided by the city council.    Its duties are to conduct the public schools of the city.

The act complained of in the petition is in violation of the Constitution for two reasons, (1) because it increases the salary of the city treasurer during his term of office, and (2) because it diverts the common school fund from the purpose to which it is dedicated by the Constitution.

The city treasurer is *ex officio* treasurer of the board of education, and no officer is entitled to compensation for performing *ex officio* services except that allowed as his stated salary or by express provision of some statute.

### AUTHORITIES CITED.

Kentucky Statutes, secs, 3132, 3212, 3214, 3215, 3219, 3220, 3226, 3227; Kentucky Constitution, secs. 161, 235; Black on Interpretation of Laws, p. 319; Anderson v. City of Wellington, 10 Am. St. Rep., 175; Kneper v. City of Louisville, 7 Bush, 603; City of Covington v. Mayberry, 9 Bush, 304; Collins v. Henderson, &c., 11 Bush, 74; Halbert v. Sparks, 9 Bush, 259; Underwood v. Wood, &c., 14 Ky. Law Rep., 129; Posy, Supt., &c. v. Board Trustees, 19 Ky. Law Rep., 466.

Opinion of the court by JUDGE SETTLE.

By chapter 89, art. 3, Kentucky Statutes, Lexington is designated as a city of the second class.    Section 3212 of the statute provides for the maintenance of a system of

public schools in that city under the control of a board to be styled the "board of education," consisting of two trustees from each ward of the city; and the appellant board of education was created in this way. The board of education, by section 3214, is given control of all the funds that are dedicated to the use of the public schools of the city, and the title to all property, real and personal, in the city, used as public school property. Section 3225 directs that "the treasurer of the city shall be treasurer of the said board of education, and as such shall keep separate and distinct from all other funds, all moneys, bonds and securities belonging to, or which may hereafter be dedicated or set apart for public schools, and shall pay out or deliver any of said funds, bonds or securities upon the warrant of said clerk and approved by the president of the board of education, and shall perform such other duties as may be prescribed by said board." Section 3131 provides for the election of the treasurer by the qualified voters of the city, and prescribes the qualifications of such treasurer; and section 3132 provides that "the treasurer shall give such bond and receive such salary as the general council shall by ordinance provide." Section 3064 declares that: "The general council, unless otherwise provided by law, shall fix the salary and compensation and prescribe the duties of all officers, deputies and employes of the city except as to the officers in office when this act takes effect. Such salary shall be fixed before their election or employment, and the salary of no city officer, deputy or employe when so fixed shall be changed after his election, employment or appointment during his term of office, or employment." The appellant M. Kaufman was, in November, 1899, duly elected treasurer of the city of Lexington by the voters thereof for a term of four years

beginning January 1, 1900, and on the last-named date he executed bond, took the oath required by law, and entered upon the discharge of the duties of the office of treasurer; his salary as such treasurer having theretofore been fixed at $1,800 per annum by ordinance adopted by the general council of the city. From and after his induction into office Kaufman received as treasurer the funds under the control of the board of education that were dedicated to school purposes. On June 4, 1900, and several months after the election and qualification of Kaufman as treasurer, the board of education, by a vote of a majority of its members, allowed him a salary or compensation for his services rendered and to be rendered as such treasurer of $200 per annum, and soon thereafter $100 of the salary thus allowed was paid him by the board of education. After the allowance of salary and the payment of $100 to Kaufman by the board of education, appellee, L. J. Moore, a citizen, resident and taxpayer of the city of Lexington, brought suit in the Fayette circuit court against appellants Kaufman and the "board of education," seeking a cancellation of the resolution allowing the salary of $200 per annum to the former, and praying that the latter be enjoined from paying him any further sum of the salary allowed. Demurrers were filed by appellants to the petition and overruled. Kaufman then filed answer, in which he, in substance, averred that by section 3225 of the statute, supra, he was required, as treasurer, to keep, and did keep, separate and distinct from all other funds, all moneys, bonds and securities dedicated to the use of the public schools of the city which came into his hands, and that the city council of Lexington, in fixing his salary at $1,800 per annum, did so without having in contemplation the services he would be required to render the board of education

as treasurer; and, further, that the board of education had the right, in the exercise of the power and discretion conferred upon it by law, to make the appropriation in question by way of salary or compensation to him for the alleged extra services rendered by him as its treasurer. Appellee filed a demurrer to the answer, which was sustained by the court. Kaufman failing to plead further, and no answer having been filed by the board of education, the lower court thereupon rendered judgment granting the prayer of the petition. To this judgment appellants excepted, hence this appeal.

We are of the opinion that the judgment was proper. Section 161 of the Constitution provides that "the compensation of any city, town or municipal officer shall not be changed after his election, or appointment or during his term of office." Besides, we find that section 3064 of the statute, supra, expressly declares that the general council of the city shall fix the salaries of all the city officers before their election or appointment, and the "salaries of no city officer, deputy or employe when so fixed shall be changed after his election, appointment or employment, during his term of office or employment." The statute (section 3225) requires Kaufman, as treasurer of the city, to act as treasurer for the board of education. Whatever services he performed for it in this capacity were not rendered by reason of any employment from it, for the board had no authority, under the statute creating it, to employ a treasurer. Kaufman does not hold two offices, for performing the duties of which he may receive two salaries, but only one office, the salary of which ($1,800) is paid by the city of Lexington. In other words, by virtue of his election as treasurer of the city of Lexington, he became and is *ex officio* treasurer of the board of education.

The law applicable to this case was, we, think, correctly announced by this court in Jefferson Co. v. Waters, 111 Ky., 286 (24 R., 816) 70 S. W., 40.  Waters was treasurer of Jefferson county.  Before his election the salary of that office was fixed at $1,000, the county furnishing his office, fuel, lights and janitor service.  Waters presented a petition to the fiscal court asking for, and obtained, an additional allowance of $1,000 as expenses to be paid annually.  From this allowance the county appealed to the circuit court.  In that court an amended petition was filed, which set out substantially these facts, viz.:  "That when appellee was elected county treasurer, and when the salary was fixed by the fiscal court at $1,000, it was thought that under the law the county levy did not extend over property in the city of Louisville, but only reached property outside of Louisville; and that since appellee's election, and since the salary was fixed at $1,000, it had been legally determined that the county levy extended over all the property in the county, including that in the city, and that this decision added to the amount of money coming into his hands by about $140,000, and that the duty of accounting for this additional sum was not intended to be covered by the salary of $1,000 fixed."  Upon appeal to this court the judgment of the circuit court approving the allowance made by the fiscal court to Waters was reversed, this court holding that under section 161 of the Constitution and section 934 of the Kentucky Statutes the compensation of the county treasurer can not be increased during his term of office, and that the allowance made was an evasion of the constitutional inhibition.  The same doctrine was announced by this court in Com. v. Carter, 21 R., 1509, 55 S. W., 701, and also in Bank v. Johnson; 108 Ky., 507 (22 R., 210) 56 S. W., 825.  Other decisions of this court might

be cited in support of this view, but we deem it unnecessary to do so. Clearly, the allowance of $200 per annum to Kaufman by the board of education was violative of section 161 of the Constitution, and of the provisions of section 3064 of the statute, supra, as it was a change and increase of his salary as treasurer, made after his election, and during his term of office as such.

Judgment affirmed.