CASE 11.—ACTION BY T. J. SLAYTON FOR HIMSELF AND OTHER TAXPAYERS AGAINST J. L. ROGERS TO RECOVER MONEY IMPROPERLY ALLOWED HIM AS COUNTY ATTORNEY.—February 6.

# Slayton, &c. v. Rogers

Appeal from Muhlenberg Circuit Court.

W. P. SANDIDGE, Circuit Judge.

From a judgment of dismissal plaintiffs appeal—Affirmed.

1.  District and Prosecuting Attorneys — Duties — Statutes—Construction.—Ky. St. 1903, sections 126, 127, requiring each county attorney to attend all county and fiscal courts in his county, etc., and providing that he shall conduct actions before "any of the courts of this Commonwealth" in which the county is interested, etc., do not require a county attorney to perform services in a federal court or in a court outside of the Commonwealth; the words "courts of this Commonwealth" meaning only courts organized under the Constitution and laws of the Commonwealth.

2.  Counties—Agents—Eligibility—County Attorneys as Commissioner to Settle with Sheriff.—Prior to the acts of 1906 (Acts 1906, p. 158, c. 22, section 18), providing that the commissioner appointed to settle with the sheriff shall be some other person than the county attorney, the fiscal court had power, under Ky. St. 1903, section 4146, providing that the fiscal court shall appoint a competent person to settle the accounts of the sheriff, to appoint the county attorney as commissioner to settle with the sheriff; competency being the only qualification prescribed, and there being nothing in the Constitution or statutes disqualifying the county attorney.

Slayton, &c. v. Rogers.

3. Same—County Indebtedness — Funding Indebtedness— Power of Fiscal Court.—The power of the fiscal court to fund the county indebtedness conferred by Ky. St. 1903,. section 1852, providing that any fiscal court of the county may collect any outstanding bonds and substitute therefor new bonds, etc., carries with it the power to employ such agents and attorneys as may be necessary for. that purpose.

4. Same—Agents—Qualifications.—Since there is no statute prohibiting the county attorney from contracting with the county, and since he is, under Ky. St. 1903, section 127, disqualified only from acting in opposition to the interests of the county, the fiscal court may employ him as commissioner in the settlement and compromise of the bonded indebtedness of the county.

5. Officers—Compensation—Additional Compensation.—An officer performing extra services outside of his- official duties, not interfering therewith, is entitled to compensation therefor.

6. District and Prosecuting Attorneys — Compensation — Extra Services.—The county attorney performing services under an appointment by the fiscal court as commissioner in the settlement and compromise of the bonded indebtedness of the county performs services outside of his official duties, and is entitled to compensation therefor, notwithstanding Const. section 161, providing that the compensation of any county officer shall not be changed after his election or appointment.

7. Appeal — Review — Presumptions — Matters Not Shown by Record — Counties — Order for, Payment Out of Delinquent Taxes.—An order of the fiscal court appropriating a sum of money, and directing payment out of delinquent taxes, cannot be held invalid, on appeal, on the ground that the money had been appropriated for other purposes; it not appearing from the record that the money has been otherwise appropriated. or that such other purposes have not been satisfied.

WILLIS & MEREDITH for appellees.

## POINTS AND AUTHORITIES.

1. Is the county attorney entitled to receive compensation from the county in addition to his regular salary for services performed in settlement of the accounts of the sheriff as required by section 4146, Kentucky Statutes? (Kentucky Statutes, section 4146, Ky. Const., sec. 161, 235; Dillon on Municipal Corporations, 444; Nunnemacher v. City of Louisville, 98 Ky., 334; City of Winchester v. Frazer, 43 S. W., 453; McCracken Co. v. Reed,

Judge, 101 S. W., 348; Spaulding, County Attorney v. Thornberry, 103 S. W., 291; Board of Education v. Moore, 114 Ky., 640.)

2. Can the county attorney receive compensation in addition to his regular salary for services performed for the county in compromising judgments and old bonds which the county owes? (Kentucky Constitution, sections 161 and 235; Kentucky Statutes, sections 126 and 127; Jefferson Co. v. Waters, 70 S. W., 40; McNew v. Commonwealth, 93 S. W., 1047.)

3. Has the fiscal court the right to defray the expenses of funding its old bonded indebtedness out of its general funds or delinquent taxes, or shall such expenses be met as provided for in section 1852, Kentucky Statutes? (Kentucky Statutes, section 1852; Kentucky Constitution, section 180; Board of Education v. Board of Trustees, 68 S. W., 10.)

BELCHER & SPARKS for appellee.

POINTS AND CITATION OF AUTHORITIES.

1. Duties performed by appellee as set out inthe petition comes within his duties as county attorney under the law. (Sections 126 and 127 of the Kentucky Statutes.)

2. Did the fiscal court have the power to appoint the county attorney to settle with the sheriff. (Section 4146 of the Kentucky Statutes.)

3. Did the fiscal court have power to employ any person to perform the services performed by appellee? (Section 1852, 4146, Kentucky Statutes; Mercer Co. v. Pearson, 71 S. W., 639; Garrard Co. v. McKee, 11 Bush, 234.)

4. Was there any inhibition in the law whereby the fiscal court was prevented from contracting with the appellee. (Shepard v. Easterling (Neb.) 86 N. W., 941; Burroughs v. Board, 29 Kas., 196; McBride v. City of Grand Rapids, 10 N. W., 355 (Mich.); Detroit v. Redfield, 19 Mich., 376; Grass v. City of Trenton, 24 N. J. Law, 764; Leavenworth Com. v. Brewer, 9 Kas., 317; Herrington v. Santa Clara Co. 44 Cal., 496; Board of Education v. Moore, 71 S. W., 621; Jefferson Co. v. Waters, 70 S. W., 40; Morgantown Deposit Bank v. Johnson, 56 S. W., 825.)

5. Powers of the fiscal court. (Section 1834, Kentucky Statutes; Mercer Co. v. Pearson, 71 S. W., 639; Greenleaf, Judge v. Woods, Mayor, 96 S. W., 458.)

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Affirming.

In this action T. J. Slayton, suing for his own use and for the benefit of all other taxpayers of Muhlenberg county, seeks to recover the sum of $500, which was allowed by the fiscal court of Muhlenberg county to J. L. Rogers, county attorney, for services performed under an appointment by the fiscal court to act as commissioner in the settlement and compromise of the bonded indebtedness of said county; also for the sum of $375, composed of several sums allowed to appellee J. L. Rogers while he was county attorney of Muhlenberg county for services as commissioner appointed by the fiscal court to settle with the sheriff of the county for the years 1899, 1900, 1901, 1902, and 1904. The petition is in two paragraphs; the first setting out the sum allowed appellee Rogers for services as commissioner in the settlement of the bonded indebtedness, and the second embracing the items allowed him for services as commissioner in settling with the sheriff of Muhlenberg county. Appellee filed a demurrer to each paragraph of the petition. The demurrer as to the first paragraph was overruled, and as to the second sustained. Appellee thereupon filed an answer and an amended answer to the first paragraph, alleging that his services as commissioner to settle the bonded indebtedness were performed under appointment by the fiscal court, and in the federal court and in courts outside of the State of Kentucky. Appellant thereupon filed a demurrer to appellee Rogers' amended answer, which was overruled. Appellant declining to plead further, his petition was dismissed, and an appeal granted to this court.

Besides other sections of the statutes which relate to the opening and closing of roads, and the granting and refusing of licenses, and which it will not be necessary to consider, the duties of the county attorney are embraced in sections 126, 127, Ky. St. 1903. Section 126 is as follows: "Each county attorney shall attend all county and fiscal courts held in his county, and conduct all cases and business in said court touching the rights or interests of the county, and oppose the allowance of all claims not legally presented or unjust, and give the court and the several county officers legal advice concerning any county business within the jurisdiction of any of them." This section provides merely that the county attorney shall transact the county's business in the county and fiscal courts of his own county, and he shall give county officers legal advice concerning any of the county's business within the jurisdiction of any of them. It will be observed that this section does not make it the duty of the county attorney to advise said county officers or court except it be county business and within their jurisdiction. Section 127 is as follows: "He shall attend to the prosecution of all cases in his county in which the Commonwealth or the county is interested; and, when so directed by the county or fiscal court, institute or defend, and conduct actions, motions and proceedings of every description, before any of the courts of this Commonwealth in which the county is interested, and shall in no instance take a fee or act as counsel in any case in opposition to the interests of the county. He shall also attend the circuit court held in his county, and aid the Commonwealth attorney in all prosecutions therein, and in the absence of an acting Commonwealth's attorney, he shall attend to all Common-

wealth's business is said courts." This is the broadest clause covering county attorneys' duties. In construing sections 126 and 127, this court has gone to the extent of holding that, even without direction by the fiscal court, the county attorney has the authority to prosecute appeals to this court; but it has never been, nor could it be, held that these sections require the county attorney to perform services in a federal court, or in courts outside of the State of Kentucky. The language, "courts of this Commonwealth," can mean only such courts as are organized under the Constitution and laws of the State of Kentucky. Neither the federal courts nor the courts of other states, then, are courts of this Commonwealth. Under the most liberal construction of the above sections of the statute, it cannot be said that the law imposes upon the county attorney the duty of representing the county anywhere else except in the courts of the Commonwealth of Kentucky. Nor is the duty of settling with the sheriff one imposed by law upon the county attorney. Section 4146, Ky. St. 1903, is in part as follows: "Each sheriff shall, when required by the fiscal court, settle his accounts of county or district taxes; and at the regular October term of each year the fiscal court shall appoint some competent person to settle the accounts of the sheriff of money due the county or district."

It is the contention of appellant, not that the duty of settling with the sheriff is imposed upon the county attorney, but that it was the evident purpose of the Legislature that the county attorney should not be appointed for that purpose. The reason advanced is that the county attorney is required by law to file exceptions to the settlements of sheriffs, and that this duty disqualifies him from acting as commis-

sioner. As is well argued by counsel for appellee, if
the county attorney be disqualified for this reason,
then the sheriff would also be disqualified for the
same reason; for the law provides: ''Exceptions may
be filed by either the sheriff or the county attorney.''
The question before us, however, is not one of policy,
but of law. So far as the question of policy is con-
cerned, the Legislature is the acts of 1906 (Acts 1906,
p. 158, c. 22, section 18), has provided that the com-
missioner appointed to settle with the sheriff shall
be some other person than the Commonwealth or
county attorney. But, even if the question in this
case were considered from the standpoint of policy
alone, we are unable to say that the knowledge and
information gained by the county attorney in going
over the sheriff's accounts and making settlements
with him would not better prepare him to determine
whether or not exceptions should be filed to the set-
tlement. As said before, however, the only question
before us is one of law, i. e., was the county attorney,
at the time of the services rendered in this action,
disqualified by the Constitution or laws of this State
from accepting the appointment by the fiscal court
to settle with the sheriff? The statute provides for
the appointment of a competent person. Competency
is the only qualification prescribed. Nowhere in the
Constitution or the statutes is there any provision
disqualifying the county attorney from accepting the
appointment. We therefore conclude that the fiscal
court had the power to appoint appellee Rogers as
commissioner to make the settlements in question.

We think this case involves a determination of the
following questions: (1) Did the fiscal court have
the power to employ any person to render the serv-
ices performed by appellee? (2) Was there any

inhibition in the law whereby the fiscal court was prevented from contracting with appellee? (3) Did the payments to appellee for the services rendered constitute an increase of compensation as prohibited by section 161 of the Constitution?

First. As was said before, express power is given by section 4146 to employ a competent person to settle with the sheriff. The fiscal court is authorized to fund its indebtedness: and this power carries with it the power to employ such agents and attorneys as may be necessary for that purpose. Garrard County Court v. McKee, 11 Bush, 234; Mercer County v. Pearson, 71 S. W. 639, 24 Ky. Law Rep. 1368; Ky. St. 1903, section 1852.

Second. The statutes prohibit any member of the fiscal court from being interested, directly or indirectly, in any contract with the county. The sheriff in certain instances is prohibited from buying county claims. We have been unable to find any statute prohibiting the county attorney from contracting with the county. Sec. 127, Ky. St. 1903, provides that: "* * * And shall in no instance take a fee or act as counsel in any case in opposition to the interests of the county." Thus it will be seen that he is disqualified from acting in opposition to the interests of the county. There being no express provision of the statutes, nor any statute from which it can be reasonably implied that the Legislature intended that the county attorneys should not have the power to contract with the fiscal court, we are unable to hold that they have not such power. Furthermore, we are unable to see any good reason why, in a case like the one before us, the fiscal court should not employ the county attorney. By reason of his position, he is better acquainted with the affairs of the county,

the condition of its bonded indebtedness, the legality or the illegality of the proceedings, and is thus better prepared to represent the county in the federal courts or in courts outside of the State of Kentucky than any one else. The people having selected him to represent their interests and the interests of the county in the courts of this Commonwealth, we do not see why the fiscal court should be prohibited from employing him for the transaction of important business not connected with his official duties. Indeed, the courts of other states have recognized the right of the county attorney to contract with the county, and receive compensation for services performed for the county outside of his official duties. Shepard v. Easterling, 61 Neb. 882, 86 N. W. 941; Burroughs v. Board, 29 Kan. 196; Herrington v. Santa Clara County, 44 Cal. 496.

Third. Did the payments to appellee for the services rendered constitute an increase of compensation as prohibited by section 161 of the Constitution? It will be observed that the facts of this case are not such as to bring it within the rules announced in Morgantown Deposit Bank v. Johnson, 108 Ky. 507, 22 Ky. Law Rep 118, 56 S. W. 825; Jefferson County v. Waters, 114 Ky. 48, 23 Ky. Law Rep. 669, 70 S. W. 40; Board of Education v. Moore, 114 Ky. 640, 71 S. W. 621. In the case of Morgantown Deposit Bank v. Johnson, supra, the county clerk claimed compensation for services rendered in recording the school census report. This duty had been placed upon the county clerk by the Legislature. It was the county clerk's duty to perform these services under the law. Thus an attempt was made to compensate him for a part of his official duty, and this court held that that could not be done. In Jefferson County v. Waters, supra,

an attempt was made by the fiscal court to pay the county treasurer additional compensation for services, which, under the law, it was thought were not required of him, but which it was afterwards ascertained were required as a part of his duties. In this case the court said: "Section 161 of the Constitution provides: 'The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment or during his term of office.' We have held that this provision prevented payment to the circuit court clerks of a fee for services in felony cases, because that would increase his compensation. Commonwealth v. Carter (Ky.) 21 Ky. Law Rep. 1509, 55 S. W. 701. We have also held that the county could not pay the county court clerk for copying the census reports of school children. Bank v. Johnson, 108 Ky. 507, 56 S. W. 825, 22 Ky. Law Rep. 118. The reason in the two cases, supra, is the same—that it would be an increase in the compensation of the officer after his election. But here it is said that, when the salary was fixed, the whole service that appellee, as treasurer, was required to perform, was not considered, because it was not in fact known. This may be true, yet all must concede that such was, in fact, the duty of the county treasurer. He was obliged to receive and account for all moneys due and payable to the county. To add an additional sum of $1,000 per annum would be to change his compensation." In the case of Board of Education v. Moore, supra, M. Kaufman was treasurer of the city of Lexington. By section 3225, Ky. St. 1903, the treasurer of the city is made treasurer of the board of education. Prior to his election, Kaufman's salary was fixed by the general council. After going into office, the board of education at-

tempted to pay him extra compensation for his serv-
ices as its treasurer. This court took the view that
the salary paid him by the city was for his services
as treasurer both of the city and the board of educa-
tion, and that the payment of additional salary by
the board of education constituted an increase of
compensation during his term of office. It will be
observed that the case at bar is not a case where
additional compensation is allowed for services im-
posed by law; nor is it even a case where additional
duties have been imposed by law. It is a case of
special employment by the fiscal court to perform
services outside of and independent of appellee's
official duties. We are of opinion, therefore, that the
facts of this case bring it within the rule that where
an officer or employe performs extra services outside
of official duties and with which they have no affinity
or connection, and which do not interfere with his
official duties, he is entitled to compensation. 2
Abbot on Municipal Corporations, section 686a.

Counsel for appellant call our attention to the fact
that the order appropriating to appellee the sum of
$500 directs payment out of delinquent taxes, and
contend that, as this money has been appropriated
for other purposes, its appropriation to appellee was
illegal and void. It does not appear, however, in the
pleadings in this case that the money paid to appellee
Rogers was appropriated to other purposes or that
the purposes for which it was appropriated had not
been satisfied. Upon this state of the record we are
unable to say that the appropriation was invalid for
the reason assigned by counsel for appellant.

Being of the opinion that the services for which
appellee Rogers was paid were not embraced in his
official duties, and were performed under an appoint-

ment which the fiscal court had the power to make, the judgment of the trial court is affirmed.