CASE 56.—ACTION BY R. D. THORNBURY AGAINST W. W.
SPALDING TO SET ASIDE AN ORDER OF THE
FISCAL COURT MAKING AN EXTRA ALLOWANCE
TO SAID SPALDING AS COUNTY ATTORNEY.—
June 26, 1907 and March 24, 1908.

# Spalding v. Thornbury

128  533
f130  428

128  533
138  680

Appeal from Marion Circuit Court.

Judgment for plaintiff.  Defendant appeals.—Affirmed.

First Opinion.

1.  District and Prosecuting Attorneys—Salaries.—Under Const.
section 161, providing that the compensation of any county
officer shall not be changed after his election or appointment
during his term of office, where the salary of a county at-
torney was not fixed before his election, the fiscal court had
jurisdiction to fix the salary after his election, and, when
fixed, it could not be changed during his term.

2.  Same—Back Tax Collector—Appointment—Contingent Fees.—
Ky. St. 1903, section 126, provides that each county attorney
shall attend all county and fiscal courts held in the county
and conduct all cases and business in such courts affecting
the county's interest, etc.  Section 127 requires him to repre-
sent the county and Commonwealth in all cases in which
they are interested, and, when directed by the fiscal court,
to institute proceedings before it.  Section 132 provides that
the county attorney shall be allowed annually a reasonable
salary, to be paid out of the county levy.  Held, that the fiscal
court had no power to appoint the county attorney back-tax col-
lector, and to require him to collect such taxes for a contingent
fee.

Extended Opinion.

1.  District and Prosecuting Attorneys—Salaries—Additional Com-
pensation.—Ky. St. 1903, section 126, provides that each county
attorney shall attend all county and fiscal courts, held in the

county, and conduct all cases and business in such courts affecting the county's interest, etc. Section 127 requires him, when so directed by the county or fiscal court, to institute or defend actions and proceedings of every character before any of the courts of the Commonwealth. Sections 128, 129, 130, and 131 impose other duties on him. Section 132 provides that he shall be allowed annually a reasonable salary, to be paid out of the county levy. Held, that services rendered by the county attorney, when directed by the county or fiscal court, are included in his official duties, and are covered by his annual salary allowed by section 132, though where, by statute, duties are imposed on him and compensation by way of commissions or otherwise is provided, he is entitled to such compensation in addition to the salary by the fiscal 'court under said section.

2. Words and Phrases—"Salary."—The word "salary" may be defined generally as a fixed annual or periodical payment for services, depending on the time, and not on the amount of the services rendered; and though, to give a statute effect, the word will sometimes be more broadly construed, this will not be done where the language of the statute forbids such construction.

3. District and Prosecuting Attorneys—Salaries—Statutory Provisions—Construction.—Under Ky. St. 1903, section 132, providing that the county attorney shall be allowed annually a reasonable salary to be paid out of the county levy, the salary must be a fixed sum, and not dependent on contingent fees, since to make an allowance payable out of such levy necessarily means that a certain sum is to be allowed, so that the county treasurer will have a definite order of the fiscal court to direct him in paying the claim.

4. Counties — Fiscal Court—Powers — Correction of Mistakes.— The fiscal court has power to correct a mistake in the amount allowed by it to the county attorney as his annual salary.

WM. C. McCHORD, WM. W. SPALDING, T. L. EDELEN and CHINN & EDELEN for appellant.

H. W. RIVES and JOHN McCHORD for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

W. W. Spalding was elected county attorney of Marion county in November, 1905. He entered upon the discharge of his duties as county attorney in January, 1906. On February 27, 1906, the fiscal court made the following order: ''For the consideration hereinafter named, it shall be the duty of William W. Spalding, county attorney of Marion county, Kentucky, to diligently prosecute the collection of all back taxes, interest on taxes, taxes ·on property omitted from assessment, judgments, or ·other moneys due Marion county, also all claims, of whatsoever kind or character, that Marion county may have against any individual, corporation, or association, including all moneys now held in trust for said county, or which may have become the property of the county by reversion or remainder; but this is not to include such delinquent taxes as are now in the hands of the ex-sheriffs of Marion county and which it is their duty to collect. In the prosecution of any of the claims hereinbefore mentioned, if the said county attorney shall deem it necessary or advisable to institute suit thereon, he shall have full power to do so in the name of Marion county, Kentucky, and to prosecute such actions to final determination. For his services in collecting any of the said claims or demands hereinbefore-mentioned, in whole or in part, that said Spalding shall be entitled to 20 per cent. of the amount collected by him, or paid to any officer of Marion county as a result of the efforts of the said Spalding under the provisions of this order, and this commission of 20 per cent. shall operate upon all taxes that

are collected for Marion county as the result of any proceeding by any revenue agent or sheriff in which the county attorney appears and assists in the prosecution thereof. It is hereby made the duty of the said Spalding upon the collection of any of the claims or demands hereinbefore mentioned to pay the amount collected to the treasurer of Marion county after deducting his said commisison of 20 per cent. In the event the said Spalding collects nothing or has nothing collected under this order, he shall be paid nothing whatever for his services in attempting to make or have made such collection." On April 18, 1906, the court allowed a number of claims, among which is this: "W. W. Spalding, County Attorney, salary for 1906, $500.00." It appears that for several years the fiscal court of Marion county has allowed the county attorney an annual salary of $500, but that before Spalding's election it had made no order fixing the salary of the office. A taxpayer of the county brought this suit attacking the order of February 27th as void, on the ground that the fiscal court was without authority to make such an order. The circuit court so adjudged, and the county attorney appeals.

Section 161 of the Constitution forbids that the compensation of any county officer be changed after his election or appointment or during his term of office. Under this provision it has been held that it is the duty of the fiscal court to fix the salaries of the county judge, county attorney, and county superintendent, and that, when once the salary is fixed, it can not be changed during the term of the incumbent; but that, where the salary had not been fixed before his election, it may be fixed after his election; and that, when once fixed, it must remain as fixed. Marion Fiscal Court v. Kelly, 56 S. W. 815, 112 Ky. 831, 22

Ky. L. R. 174; Butler County v. James, 76 S. W. 402,
116 Ky. 575, 25 Ky. L. R. 801; McNew v. Comnth.
(Ky.), 123 Ky. 115, 93 S. W. 104; McNew v. Nicholas
County, 125 Ky. 66, 100 S. W. 324, 30 Ky. L. R. 1147.
Although the orders of the fiscal court made before
Spalding's election, when taken together, may not be
regarded as fixing the salary of the office, the order
of April 19th fixes his salary at $500, and it can not
be changed during his term.  But the order in contest
was made before the order of April 19th, and it is
insisted for him that the two orders are to be taken
together, and that, when so read, they fix his compen-
sation for the term.  This brings us to the question
whether the order in contest is within the authority
of the fiscal court; for it is a tribunal of limited pow-
ers and its acts when not authorized are void.

Sections 126 and 127, Ky. Stats., 1903, thus define
the duties of the county attorney as to county matters:

"Sec. 123. Each county attorney shall attend all
county and fiscal courts held in his county and conduct
all cases and business in said court touching the rights
or interests of the county and oppose the allowance
of all claims not legally presented or unjust, and give
the court and the several county officers legal advice
concerning any county business within the jurisdiction
of any of them.

"Sec. 127. He shall attend to the prosecution of all
cases in his county in which the Commonwealth or the
county is interested; and, when so directed by the
county or fiscal court, institute or defend, and conduct
actions, motions and proceedings of every description,
before any of the courts of this Commonwealth in
which the county is interested, and shall in no instance
take a fee or act as counsel in any case in opposition
to the interests of the county."

Other duties are imposed upon him by the following sections, and then section 132 is as follows: "He shall be allowed annually by the fiscal court, or the board of commissioners in counties where, for county governmental purposes, a city is by law separated from the remainder of the county, a reasonable salary, to be paid out of the county levy."

It is reasonably clear from these provisions of the statute that the county attorney is to represent the county in its legal matters referred to therein, and that for his services in thus representing the county he shall be allowed annually by the fiscal court a reasonable salary to be paid out of the county levy. The statute does not contemplate that he is to represent the county upon a contingent fee to be paid out of the county money. Contingent fees are always larger than certain fees. It is the purpose of the statute to secure counsel for the county by giving him all the business of the county at less than such services might be obtained upon a contract for contingent fees.

We therefore conclude that the order of February 27th is not such an arrangment as the statute contemplates or as the fiscal court had power to make with the county attorney. It is true the fiscal court might appoint a collector of back taxes, but the county attorney can not be also the back-tax collector, for it is a part of his duty as county attorney to attend the fiscal court and protect it from the back-tax collector, if necessary, which would be impracticable if he were himself the back-tax collector. It is the official duty of the county attorney, when so directed by the county or fiscal court, to institute or defend actions and proceedings of every kind before any of the courts of the Commonwealth in which the county is interested. This is a part of his official duty, and is covered by the

annual salary to be paid him.  His compensation may
not be changed during his term, though additional
duties are imposed upon him.  Board of Education v.
Moore, 114 Ky. 640, 71 S. W. 621, 14 Ky. Law Rep.
1478.

Judgment affirmed.

EXTENDED OPINION BY JUDGE HOBSON ON PETITION
FOR REHEARING, MARCH 24, 1908.

Since the opinion was delivered, oral argument has
been had upon the petition for rehearing, and we have
again carefully considered the question raised.  It is
insisted for the appellant that the annual salary pro-
vided by section 132, Ky. Stats., 1903, covers only the
services required of the county attorney absolutely
by the preceding sections without any direction from
the county or fiscal court, but that it does not include
services which are only to be rendered by him when
directed by the county or fiscal court.  We can not
concur in this construction of the statute..  Sections
126, 127, 128, 129, 130 and 131 prescribe the duties of
the county attorney; and section 132, which immedi-
ately follows, prescribes his compensation.  We think
this must necessarily include his compensation for all
services required of him by the preceding sections,
where other compensation is not allowed therefor.
We can not see how it can include part of the services
rendered under section 127, and not include the others;
there being nothing in the statute to justify the court
in making a distinction.  All the services rendered
under section 127 must stand alike; there being noth-
ing in the statute to show the contrary.  Not only so,
but the words of the statute refute the idea that an
employment of the county attorney is contemplated by

that section. The language of the section is that, "when so directed by the county or fiscal court," he shall institute or defend actions and proceedings of every character before any of the courts of the Commonwealth in which the county is interested. The statute makes it his duty to institute or defend the actions when directed by the county or fiscal court. It leaves him no discretion. If an employment had been contemplated, he would not be required to act unless the proposed compensation was satisfactory to him. If the statute had contemplated an employment of the county attorney, the word "employed" would have been used, instead of the word "directed." The county court is without authority, except in a very limited degree, to make contracts for the county; but by the terms of this statute it is the duty of the county attorney to attend to any action when directed by the county court. This shows that the Legislature did not have in mind an employment of the county attorney, and that it contemplated that such services as he rendered when directed by the county court should be included in his official duties and covered by his annual salary. Where by statute duties are imposed upon the county attorney, and compensation by way of commissions or otherwise is provided by the statute, he is entitled to such compensation in addition to his salary allowed by the fiscal court under section 132, Ky. Stats., 1903. The salary named in that section only covers the services required of the county attorney by law, and for which no other compensation is provided.

It is also insisted for appellant that the annual salary provided for by section 132 need not necessarily be a fixed sum, but may be made to depend upon contingent fees. The word "salary" may be defined gen-

erally as a fixed annual or periodical payment for
services, depending upon the time, and not upon the
amount of the services rendered.    24 Am. & Eng.
Ency., 1015.  It is true that sometimes, to give a stat-
ute effect, the word will be given a broader construc-
tion; but this will not be done where the language of
the statute forbids this construction.  Section 132, Ky.
Stats., 1903, not only provides that the county attor-
ney shall be allowed annually a reasonable salary, but
it adds, "to be paid out of the county levy."   Claims
against the county are allowed by the fiscal court and
are payable out of the county.levy.  To make an allow-
ance payable out of the county levy must necessarily
mean that a certain sum is to be allowed, so that the
county treasurer will have a definite order of the fiscal
court to direct him in the payment of the claim.  By
section 1072, Ky. Stats., 1903, the county judge shall
receive an annual salary, payable in quarterly install-
ments by the county.  Manifestly this refers to a cer-
tain sum, to be allowed by the fiscal court and paid
quarterly.  While the allowance to the county attorney
is not required to be paid quarterly, the sense is evi-
dently the same.  The salary of the county attorney
is a part of the current expenses of the county, and
must be paid, like other current expenses, out of the
general fund provided for that purpose.  It can not be
paid by way of contingent fees out of other funds.
Nor is it contemplated by the statute that the salary
of the county attorney shall be contingent, and not
fixed by the fiscal court.

In the case at bar, appellant's salary had not been
fixed before his election.  After his election the fiscal
court made the two orders quoted in the opinion.  If
it was the intention of the fiscal court by these two
orders to fix his salary, and if the annual salary was
fixed lower than it would have been but for the pre-

vious order allowing him contingent compensation in certain cases, a case. of mutual mistake is presented, and the fiscal court may in its discretion, when it sets aside the order as to the attorney's contingent compensation, make an order fixing the annual salary for all of the attorney's services at such a sum as it deems just.  We do not determine that the fiscal court did make a mistake.  We only determine that if it did make a. mistake, and if it desires. to correct this mistake it may correct it, as any other mistake may be. corrected, by making now an order for such an annual salary as it deems just to cover all of the attorney's services.

The petition for rehearing is overruled, but the opinion is extended as above indicated.