## Saufley v. City of Hazard.

(Decided June 19, 1925.)

### Appeal from Perry Circuit Court.

Municipal Corporations—Action of Council in Appointing City Clerk to Collect Improvement Tax, and Allowing Him Percentage, Held Void.—It being duty of city treasurer, under Kentucky Statutes, section 3563, to collect street improvement taxes, and Constitution section 161, prohibiting change of compensation of municipal officer after his election, held that city council was

without authority to appoint city clerk to collect street improvement tax and allow him percentage thereof for collecting it.

MOORE & MOORE for appellant. ·

FAULKNER, STANFILL & FAULKNER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Appellant, whom we will refer to as plaintiff, was the clerk of the city of Hazard. He sued the city to recover a balance of $2,280.06, which he claims is due him for collecting street improvement taxes. The court sustained a demurrer to his petition, and he has appealed. His suit is based on this action taken by the city council on October 11, 1920:

> "Geo. E. Saufley, having accepted the appointment for the collection of the street improvement tax, and requests that he be allowed the sum of one and one-half per cent for the collection of said tax, and keeping the books thereon against each property owner, and upon motion duly made and seconded it is ordered that he be allowed said amount for collecting said taxes, all voting for same."

Section 161 of our Constitution is:

> "The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office; nor shall the term of any such officer be extended beyond the period for which he may have been elected or appointed."

Plaintiff was at that time the clerk of the city of Hazard. This would be in addition to his salary as city clerk, and hence this action of the city council was void. Section 3563 of the statutes, among other things, provides:

> "The improvement of public ways and sidewalks . . . shall be made at the exclusive cost of the owners of real estate abutting on such improvement, . . . and a tax shall be levied upon such lots or parcels of real estate for the payment of the costs assessed thereon, which tax shall be due and payable at the city treasurer's office," etc.

. Also:

"The city treasurer shall keep in his office, in a book to be provided for that purpose, a record of all assessments of local taxes as provided in this section, showing the name and portion of the street in which the improvement is made, the character of the improvement and the names of the persons against whose property the assessments are made."

And,

"Upon payment of any improvement tax to the treasurer, he will make proper entry thereof in the record book herein provided for, whereupon the lien for such tax shall stand released."

This shows conclusively that it was the duty of the city treasurer to collect this tax and it is shown by the petition herein that the city then had a treasurer and the council sought by this action to relieve the treasurer of work imposed on him by the statutes. It could not do this. The council cannot repeal the statute. The duty and power to receive taxes is the duty and power to collect them. There was no duty imposed on plaintiff, as city clerk, to collect these sums, and as it was imposed on him in addition to his regular duties, plaintiff relies on the case of Slayton, et al. v. Rogers, et al., 128 Ky. 106, 107 S. W. 696, where this court said:

"Where an officer or employe performs extra services outside of official duties and with which they have no affinity or connection, and which do not interfere with his official duties, he is entitled to compensation."

However, in that case the services performed were rendered under an appointment which the fiscal court had the power to make. The services there were not by law imposed on any one else, and in this case they were. Hence the council had no authority in this case to employ plaintiff to do something that it was made the duty of the treasurer to do by the statute.

The judgment is affirmed.