CASE 35—INDICTMENT—OCTOBER 24.

# Hughes v. Commonwealth.

APPEAL FROM DAVEISS CIRCUIT COURT.

1. FORGERY.—To authorize a conviction for forgery under an indictment in the usual form, it is not necessary to show that the defendant signed the forged name himself; it is sufficient that he was present and caused it to be signed.

2. CONSTITUTIONAL LAW—PROVISION FOR JUDGE OF ANOTHER DISTRICT TO HOLD COURT.—The act of March 9, 1888, providing that where the regular judge is absent or cannot properly preside, it shall be lawful for the judge of another district to attend and hold court, is not unconstitutional.

3. SAME.—An order of court reciting that the regular judge and another circuit judge had temporarily exchanged districts sufficiently shows that the regular judge could not properly preside, and the unanimous request of the bar that the other judge should preside made it lawful for him to do so.

SWEENEY, ELLIS & SWEENEY FOR APPELLANT.

1. The appellant being indicted for forgery alleged to have been committed by signing the name of another, it was error to instruct the jury that they might find him guilty if he *caused* the name to be signed. The instruction allowed him to be found guilty under facts showing him to have been a mere accessory before the fact. (Stowers v. Commonwealth, 12 Bush, 343; Commonwealth v. Williams, 13 Bush, 267.) And the error in the instruction being a fundamental one, the court must assume that it was prejudicial.

2. The record of every case where the regular judge does not sit must show how his place has been supplied, in order that the court may see that the tribunal is properly constituted. In this case it does not appear how the judge of another circuit came upon the bench.

3. The act of March 9, 1888, providing that, if the bar shall decline or fail to elect a special judge, or shall so request, any other circuit judge of the Commonwealth may attend and hold the term, is in violation of the Constitution.

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

There can be no reversal where there is no exception other than that to the order overruling the motion for new trial. (Criminal Code, section 281.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

The offense of which appellant was convicted is perjury, charged in the indictment to have been committed substantially as follows : That he did, willfully and feloniously, make, write, sign and forge the name of Johnsie Cottrell to a paper, purporting on its face to be a promissory note of said Cottrell to Scmidt & Co., the words and figures of which are set out, and that said name was so signed, made, written and forged by him without knowledge, consent or authority of, and with intent to perpetrate a fraud on, said Cottrell, and also on Scmidt & Co.

The indictment contains a statement of all the acts necessary to constitute the offense of forgery, and the demurrer to it was properly overruled; but it is argued the lower court erred in instructing the jury to find the accused guilty whether he signed the name in person or caused it to be signed by another, if done by him with the intent charged, and without consent or authority of said Cottrell.

In our opinion it was the duty of the jury to convict him under the indictment, though he may not have signed it himself, if, being present, he caused it to be signed, for in either case he would be a principal in the crime and punishable as such. Whether he was or not present when the note was signed was a question of fact, which, in the absence of the bill of evidence heard on the trial, must be presumed to have been correctly submitted to and determined by the jury, for, with an incomplete record before us, we can not say the acts necessary to authorize the instruction and the finding were not proved.

It appears from the transcript before us the following order was, during the same term of court, but previous to the trial of appellant, entered of record: "Hon. L. P. Little, Judge of this District, and Hon. M .C. Givens, of the Third Judicial District, having temporarily exchanged districts by authority of an act of the Legislature, the Hon. L. P. Little vacated the bench. Hon. M. C. Givens having been invited by the unanimous voice of the members of this bar to preside over this court, then took the bench and proceeded to the discharge of his duties."

The act referred to was approved March 9, 1888, and is as follows: "If, at any term of a circuit court, the presiding judge thereof shall be absent, or, if in attendance, can not properly preside in any cause for trial at such term, or if the bar shall decline or fail to elect a special judge, or shall so request, it shall be lawful for any other circuit judge of this Commonwealth to attend and hold such term of the court, and while so engaged he shall have and exercise all the powers and authority of the regular judge of said court."

The condition upon which another circuit judge than the one regularly elected may, according to the provisions of that act, preside at a term of a circuit court is that the latter be absent, or, if in attendance, can not properly preside in any cause for trial at such term, and that there shall be a failure of the bar to elect a special judge, or shall so request. We think the recital in the order sufficiently shows that the regular judge could not properly preside, and the unanimous request for the other judge to preside made it lawful for him to do so.

Section 28, article 4, of the Constitution provides that "the General Assembly shall provide by law for holding circuit courts when, from any cause, the judge shall fail to attend, or, if in attendance, can not prop- erly preside." And the scheme devised by the Leg- islature at the first session after adoption of the Constitution to carry out the provision of that section was the election by the attorneys of the court then present of one of its members in attendance to hold the court for the occasion in place of the regular judge, and subsequently it was made lawful for the parties to agree upon one of the attorneys of the court to preside on the trial and hold the court for the occasion. But the Legislature may, in its discre- tion, adopt any other mode of holding circuit courts upon either of the two contingencies mentioned, and provision for the judge of another district to hold the court in such cases is just as clearly within the mean- ing and intendment of the Constitution as the selection of a special judge by attorneys, for the Legislature is not restricted to any specific mode of accomplishing the object.

In our opinion the trial of appellant was in every respect legal and regular, and no error having been committed to his prejudice, the judgment must be affirmed.