CASE 82—MOTION—JUNE 15.

# Mengel Jr. Brother Company v. Jackson, Judge of Criminal Branch of Jefferson Circuit Court, &c.

JURISDICTION.—While a civil action can not be instituted in or transferred to the criminal branch of the Jefferson Circuit Court, the judge thereof may be empowered by statute, as has been done, to hear and determine, according to prescribed rules, a case pending in any other branch when the ends of justice require it.

THOMAS L. BURNETT AND AUGUSTUS E. WILLSON FOR C. C. MENGEL JR. BRO. CO.

1. This court has jurisdiction to issue the writ. (New Constitution, secs. 109, 110; Arnold v. Shields, 5 Dana, 18; Sasseen v. Hammond, 18 B. M , 672; Preston v. Fidelity, &c., Co., 22 S. W. Rep., 319; Patton v. Stevens, 14 Bush, 329; Pennington v. Woolfolk, 79 Ky., 21; Turnpike Co. v. Phelps, 81 Ky., 616; Shinkle v. Covington, 83 Ky.; Vance v. Field, 89 Ky., 178, 184.)

2. The Legislature can not, under the new Constitution, confer upon the

criminal branch of the Jefferson Circuit Court power to try civil cases. (New Constitution, sec. 137; "An act concerning circuit courts having four judges," secs. 8, 10, 11.)

All directions of the Constitution are mandatory. (Varney v. Justice, 86 Ky., 600.)

HELM & BRUCE FOR JUDGE JACKSON.

Sections 10 and 11 of the "Act concerning circuit courts having four judges" do not violate any provision of the Constitution. Judge Jackson is a circuit judge, with all the powers of any other circuit judge in Jefferson county.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

It appears that September 19, 1892, the City of Louisville filed in the Jefferson Circuit Court, Law and Equity Branch, a petition praying for judgment determining whether C. C. Mengel Jr. Brother Company, and others made defendants to the action, will be damaged on account of the making by the plaintiff of a certain public improvement; if so, to what extent, and also that the right to erect and maintain that improvement is vested in plaintiff. But April 26, 1893, the following order was made: "The Hon. Sterling B. Toney, Judge of the Jefferson Circuit Court, Law and Equity Division, having this day announced that he could not properly preside in the above-styled action; thereupon, pursuant to rule No. 19, "Transfers," the clerk of this court determined by lot that this case be assigned to Common Pleas Division."

April 29, 1893, the plaintiff entered a motion for the court, Common Pleas Branch, to assign the action to an early day for trial, and in the event it can not be done, to transfer the action to the Criminal Division (Branch) of the court, to which motion defendants

objected. But at a court held for the Jefferson Circuit Court, Common Pleas Branch, May 1, 1893, the following order was made: "This day came parties by counsel, and Hon. Wm. L. Jackson, Jr., Judge of the Criminal Division of the Jefferson Circuit Court, is requested to hear and determine this cause, to which defendants object and except."

The record shows this further order: "This action was set at rules in the clerk's office by plaintiffs on May 1, 1893, in the Criminal Division of the Jefferson Circuit Court, and at a court held for the Jefferson Circuit Court, Criminal Division, May 8, 1893, defendants filed a demurrer to the jurisdiction herein." On the same day defendants moved the court to remand the case to the rules of the Common Pleas Branch; but both the demurrer and motion were overruled, and the case assigned to June 10, 1893, for trial. And June 8, 1893, the defendant C. C. Mengel Jr. Brother Company filed in this court a petition praying for a writ directed to the Hon. Wm. L. Jackson, Jr., Judge of the Jefferson Circuit Court, Criminal Division, prohibiting him further hearing or determining the issues arising in the action mentioned.

In considering this application, the first question to be determined is, of course, whether Judge Jackson has authority to preside at trial of, and render judgment in, the action.

Section 11 of "An act concerning circuit courts having four judges," approved August 22, 1892, is as follows: "Any judge presiding over one branch of said court may, upon the request of a judge presiding over any branch of said court, hear and de-

termine any cause or question in such other branch pending. The request shall be entered on the order-book of the branch in which such case or question is pending."

Although that section was clearly intended to authorize the judge of the criminal branch, as well as any other one of the four judges of the Jefferson Circuit Court, to preside in the condition thereby provided for, still it can not have that effect if contrary to the Constitution. The section of that instrument specially applicable to the Jefferson Circuit Court is 137, as follows: "Each county having a population of one hundred and fifty thousand or over shall constitute a district, which shall be entitled to four judges. * * * Each of the judges in such district shall hold a separate court, except when a general term may be held for the purpose of making rules of court, or as may be required by law: Provided no general term shall have power to review any order, decision or proceeding of any branch of the court in said district made in separate term. There shall be one clerk for such district, who shall be known as the clerk of the circuit court. Criminal cases shall be under the exclusive jurisdiction of some one branch of said court, and all other litigation in said district, of which the circuit court may have jurisdiction, shall be distributed as equally as may be between the other branches thereof, in accordance with the rules of the court made in general term, or as may be prescribed by law."

Manifestly that section is not self-operative; and therefore proper and necessary legislation to make it

effective was contemplated by the framers of the Constitution. For though four branches of the court are thereby provided for, power was left to the General Assembly to designate by name and provide for election of a judge to preside over each distinct branch; to regulate the jurisdiction and procedure of each; to prescribe the manner of making equal distribution of litigation between the three branches having civil jurisdiction, and of transferring cases from one to another; in a word, to enact all laws needed to secure administration of right and justice in each of the four branches without sale, denial or delay.

By section 13, power is expressly given to the General Assembly "to provide by law for holding circuit courts when, from any cause, the judge shall fail to attend, or, if in attendance, can not properly preside." In what particular manner and by what person a circuit court shall be held in the cases mentioned in that section, is left entirely in discretion of the General Assembly. And, consequently, plenary legislative power without doubt exists to authorize and require either of the four judges of the Louisville Circuit Court to hold the court of any one branch when, from any cause, the judge of that branch fails to attend, or, if in attendance, can not properly preside. There is, however, no express provision made in section 137 or elsewhere in the Constitution, for the judge of the Criminal Branch of the Jefferson Circuit Court, or indeed for either of the judges, to hear and determine a case pending in another branch, when, by reason of accumulation of cases, or for some other cause not mentioned in the Constitution, the judge of that

particular court can not properly or promptly dispose of the litigation. But on the other hand, the Constitution does not expressly or impliedly prohibit the enactment of a statute authorizing and requiring a judge of one of the four branches of the Louisville Circuit Court to hear and determine a case pending in another branch, when, from any cause, the judge thereof may be unable to dispose of all the cases before him without unreasonable and expensive delay. So 'far from it, it would seem to be in harmony with section 137, and carrying out the purpose of it, for such division and equalizing of labor to be made when necessary for due and proper dispatch of litigation. Therefore, while a civil action can not be instituted in or transferred to the Criminal Branch of the Jefferson Circuit Court, the judge thereof may be empowered, as was done by the statute mentioned, to hear and determine a case pending in any other branch, according to prescribed rules, and when the ends of justice require it. Whether this court has power under the Constitution to issue a writ of prohibition in such case as petitioners contend for exists, is a question we need not now determine.

The writ of prohibition petitioned for is denied.