LUCAS NAZARIO, Petitioner and Appellant, *v.* BLANTON WINSHIP, GOVERNOR OF PUERTO RICO, ET AL., Respondents and Appellees.

No. 7862.   Argued November 10, 1939.—Decided May 23, 1940.

*Ramón S. Pesquera* for appellant. *George A. Malcolm, Attorney General, Emilio de Aldrey, Assistant Attorney General,* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Lucas Nazario, a stenographer for the District Court of Bayamón, brought this action to test the constitutionality of certain provisions contained in a series of appropriation acts whereby his salary was reduced. Section 34 of the Organic Act provides in paragraph 13 that: "Except as otherwise provided in this Act, no law shall extend the term of any officer, or increase or diminish his salary or emoluments after his election or appointment . . ."

Section 2 of "An Act to create the District Court of the Judicial District of Bayamón, to determine its officers, and to appropriate the necessary funds therefor", approved April 28, 1930 (Session Laws, pp. 414, 416) authorized the Governor of Puerto Rico, with the advice and consent of the Insular Senate, to appoint for a term of four years, and until their successors should be appointed "the following officers for said Court:

"A judge, at an annual salary of_____ $5,000
"A district prosecuting attorney, at an annual salary of__ 3,850
"A stenographer for the court, at an annual salary of____ 1,452
"A secretary, at an annual salary of_____ 2,400
"A Marshal, at an annual salary of_____ 2,400."

Section 3 authorized the appointment of a stenographer by the district judge, of another by the district attorney, of an assistant secretary, file clerk and interpreter by the secretary, a first deputy marshal and a second deputy marshal and a janitor by the marshal—all at annual salaries of specified amounts. Section 5 provided that:

"In the general budget of expenses of the Government of Porto Rico, there shall be appropriated every year the sum of $21,375, to pay the officials and employees of said Court."

"Section 4.—The reporter shall file the stenographic records and reports made by him with the secretary of the district court of the district in which such report was taken and the action was tried.

The question as to whether petitioner was a public officer within the meaning of section 34, *supra,* depends, not upon the manner of his appointment, nor upon the fact that he was included among the "officers for said Court" nor upon the "term" for which he was appointed, but rather upon the nature and character of the duties to be performed by him as "a stenographer for the Court". Those duties were not prescribed by the Act of 1930 but by sections 3 to 6 inclusive of "An Act to provide for the appointment, duties and compensation of stenographers of the district courts", approved March 10, 1904 (Comp. St. 1911, sections 1279–1282). They follow:

"Section 3.—The said reporter shall correctly report all oral proceedings had in said court and the testimony taken in all cases tried before said court, but the parties may, with the consent of the judge, waive the reporting by such reporter of any such proceedings or testimony.

"Section 5.—It shall be the duty of each reporter to furnish, on the application of the Attorney General, district fiscal, or any party to a suit in which a stenographic record has been made, a typewritten copy of the record, or any part thereof, for which he shall be entitled to receive, in addition to his salary, a fee of ten cents per one hundred words, to be paid by the party requesting the same and to be taxed as costs in the case against the party finally defeated in the action; *Provided,* When such copy is requested on behalf of The People of Porto Rico or by a defendant in a criminal case or his attorney, and where after conviction the defendant in a criminal case shall satisfy the Court by affidavit or otherwise that he is unable, by reason of his poverty, to pay for such copy so requested by him or his attorney, the stenographer shall issue such copy free of charge. And in all civil cases in which a party to an action shall file the required affidavit, showing his inability to pay the cost required by law, such person shall be entitled to the gratuitous services of the court stenographer on the same terms as the same are given to indigent persons in criminal cases, and the fees of the stenographer shall be included in the costs when the latter are imposed upon the party able to pay same. Such copy of the record shall constitute prima facie the minutes of the court and may be used on all motions for new trials, review, or appeal, when minutes of the court may be used.

"Section 6.—It shall be the duty of the reporter to deliver said copy within thirty days after being requested, unless the court extends the time, which in no case shall exceed another thirty days."

The district judge, in his statement of the case and opinion, quotes with approval an opinion by a Texas Court of Appeals in *Robertson* v. *Ellis County*, 84 S.W. 1097, as follows:

"...The act authorizing the appointment of official stenographers provides for their appointment by the judges of the district courts, and declares that they shall be sworn officers of the court, and shall hold their offices during the pleasure of the court, and further declares that the purpose of such appointment is to preserve the record in all cases for the information of the court, jury and parties, and, to that end, 'it shall be the duty of the official stenographer to attend all sessions of the court; to take full stenographic notes of the oral evidence in every case tried in said court, together with all objections to the admissibility of testimony, the rulings of the court thereon, and all exceptions to such rulings; to preserve all official notes taken in said court for future use or reference and to furnish to any person a transcript of all or any part of said evidence or other proceedings upon the payment to him of the compensation,' etc. Does the act confer upon the stenographer any sovereign function of government? We think not. There is quite a material difference between a public office and a public employment. As said by Chief Justice Marshall, 'Although an office is an employment, it does not follow that every employment is an office.' Mr. Mechem, in his work on Public Officers, says: 'The most important characteristic which distinguishes an office from an employment or contract is that the creation and conferring of an office involves a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public; that some portion of the sovereignty of the country, either legislative, executive, or judicial, attaches for the time being, to be exercised for the public benefit. Unless the powers conferred are of this nature, the individual is not a public officer.' Now, while the fact that the position of stenographer is designated in the act providing for its creation as an office, and that it declares that the person who may be called to perform its duties 'shall be a sworn officer of the court,' affords some reason for determining it to be such, still it is believed the place possesses none of those sovereign functions of the judicial

department of the government to which it relates, to distinguish it from a mere employment to perform a species of service, under public authority, for the assistance and convenience of the court and parties litigant therein, in which no judicial discretion or judgment is involved. The creation of the position, as shown by the very terms of the act, was designed for no other purpose than to provide some one by whom the oral evidence offered, and other proceedings involving objections made to admissibility of testimony, the ruling of the court, and exceptions thereto, might be taken in shorthand, as a method of preserving those matters as they occurred, without delaying trials, to be afterwards transcribed and furnished the court and parties to the suit, to aid them in an accurate and prompt preparation of the record. The report or transcript of the proceedings by the stenographer is not binding, however, upon the court, and may be adopted or rejected at his discretion. No act which he is authorized to do is independent of the control of others, or vested in him as a supreme power to be exercised as a right or prerogative of a judicial office. We conclude that while the position of a stenographer, under the statute in this state, may be, in a sense, an office, and the term thereof may continue for a longer period than two years, yet there is no such sovereign function of government embraced in the powers conferred upon the individual performing its duties as brings it within the meaning of the word 'office' as used in the section of the Constitution quoted.''

See also *De la Vega* v. *Sancho Bonet, ante,* p. and cases cited.

Appellant relies on: *De la Rosa* v. *Winship,* 47 P.R.R. 312; *Martínez* v. *Junta,* 43 P.R.R. 395; *Saurí* v. *Sepúlveda,* 25 P.R.R. 224; *Coll* v. *Leake,* 17 P.R.R. 823; *People* v. *District Court,* 48 P.R.R. 479; *Samalea* v. *Winship,* 51 P.R.R. 234; *Durand* v. *Sancho Bonet,* 50 P.R.R. 897; *James* v. *Barry,* 138 Ky. 656; *State* v. *Porter,* 57 Mo. 343; *State* v. *Sierra,* 29 N.M. 209; *Felk* v. *St. Louis,* 250 Mo. 116; *McGobern* v. *Mitchell* (Conn.) 63 Atl. 433; *United States* v. *Fisher,* 109 U.S. 143; 33 C.J. 953; 46 C.J. 1020; 22 R.C.L. 533; and *James* v. *Cammack,* 129 S.W. 582.

We find in these authorities no satisfactory reason for reversing the judgment of the district court.

Appellant in his brief also invokes without citation of authorities the 9th paragraph of section 34 of the Organic Act. The question so suggested will be discussed and disposed of in *Ugarte* v. *McLeod,* post, where authorities pro and con are cited by the parties.

The judgment appealed from must be affirmed.